IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NIKOLE BARNES, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 09-00413-WS-N |
| STATE OF ALABAMA, | : | |
| Respondent. | : | |

REPORT AND RECOMMENDATION

Petitioner, an inmate at Birmingham Community Based Facility in the Northern District of Alabama, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (Doc. 1) without paying the $5.00 filing fee or filing a motion to proceed without prepayment of fees. The petition states that Petitioner is challenging the computation of her sentences for her convictions on two counts of forgery, second degree, out of Talladega County, Alabama. Talladega County, Alabama, is located in the Northern District of Alabama.

Due to Petitioner being incarcerated in the Northern District and to Petitioner being convicted in Talladega County, Alabama, in the Northern District, this Court does not have jurisdiction over this habeas action. Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 497-501, 93 S.Ct. 1123, 1131-32 (1973); 28 U.S.C. § 2241. This Court, however, may transfer this action pursuant to 28 U.S.C. § 2241(d) "in the interest of justice." Dobard v. Johnson, 749 F.2d 1503, 1508 (11th Cir. 1985); Naum v. Brown, 604 F. Supp. 1186, 1188 (E.D.N.Y. 1985)

(transferring to court where jurisdiction was proper pursuant 28 U.S.C. § 1406 because petitioner was a prisoner and a pauper).  Inasmuch as the Northern District of Alabama is where Petitioner is in custody and where Petitioner's convictions arose, and due to the one-year statute of limitations requiring that § 2254 petitions be filed within one year of the conclusion of the state's direct review of a prisoner's conviction, 28 U.S.C. § 2244(d), it is recommended that, in the interest of justice, this action be transferred to the United States District Court for the Northern District of Alabama for further proceedings.  Braden, 410 U.S. at 497, 93 S.Ct. at 1131 (finding "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.")

      The attached sheet contains important information regarding objections to this Report and Recommendation.

      DONE this 13th day of July, 2009.

                                                    s/KATHERINE P. NELSON
                                                    UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.